IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  RAUL OLGUIN  Chapter 13 Case No. 16-14173 JDW

           RAUL OLGUIN  PLAINTIFF
ADDRESS:  508 LEEWOOD ROAD
           HOLLY SPRINGS, MS 38635

VS.  **Adversary Proceeding No. _____ JDW**

FIRST METROPOLITAN FINANCIAL SERVICES, INC.  DEFENDANT
c/o CT CORPORATION SYSTEM, REGISTERED AGENT
645 LAKELAND EAST DRIVE, SUITE 101
FLOWOOD, MS 39232

## INTRODUCTION

      This is an action brought by the Plaintiff pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the Debtor and determine the amount of the allowed secured claim of the Defendant.

## JURISDICTION

      1.     The Plaintiff alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

      2.     The Plaintiff further alleges that this court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

## THE BASE CASE AND PARTIES

      3.     The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on or about November 28, 2016.

      4.     An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This Order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

  5.  The 341(a) meeting of creditors has been held and the plan has been confirmed

  6.  The Defendant has not filed an objection to confirmation of the plan in this case.

## FACTUAL ALLEGATIONS

  7.  In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of the Court, a debt was listed in favor of the Defendant for the second deed of trust on the residential real estate of the Debtor.  The Debtor believes and therefore alleged in his petition and schedules that there was no equity in his residential real estate to which the second mortgage could secure at the time the loan was made and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the plan.

  8.  The Plaintiff alleges that at the time he filed his bankruptcy petition and at the present time the value of his interest in the said residential real estate was and is approximately $53,150.00.

  9.  The Plaintiff's interest in his residential real estate is subject to a first lien arising out of a mortgage in favor of Caliber Home Loans which has a balance of approximately $55,474.87. The first lien holder has not filed a claim.

  10.  The Plaintiff's interest in his residential real estate is subject to a second lien arising out of a mortgage in favor of the Defendant in the amount of $23,821.15.  The Defendant has not filed a proof of claim.

  11.  The lien securing the second mortgage of the Defendant is junior to the first mortgage listed above as owing to Caliber Home Loans.

  12.  The Plaintiff alleges that there was no equity in his home at the time the second mortgage loan was written and therefore the Defendant has no secured interest for the loan secured by the second deed of trust on the subject real estate.

  13.  Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

  14.  Any timely filed claim of the Defendant for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

  **WHEREFORE,** the Plaintiff respectfully prays of the Court as follows:

  A.  That this Court determine that the Defendant has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtor;

  B.  That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to the 11 U.S.C. Section 506(d), immediately upon

the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

      C.    That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan.

      D.    That the attorney for the Plaintiff be awarded reasonable legal fees;

      E.    That the Plaintiff recover his costs and expenses from the Defendant;

      F.    That the Plaintiff has such other and further relief as to the Court may seem just and proper.

Respectfully submitted this the 23rd day of February, 2017

/s/ Robert H. Lomenick
KAREN B. SCHNELLER, MSB # 6558
ROBERT H. LOMENICK, MSB #104186
SCHNELLER & LOMENICK, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 417
HOLLY SPRINGS, MISSISSIPPI  38635
(662) 252-3224
rlomenick@gmail.com